**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DOUGLAS SLOAN, Individually, and as Personal Representative of the Estate of Susan Sloan | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: BPG-18-3055 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | * | |
| | * | |
| Defendant/Cross-Claim Defendant | * | |
| and | * | |
| PRA HEALTH SCIENCES, INC., | * | |
| Defendant/Cross-Claim Plaintiff | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Currently pending before the court are defendant/cross-claim defendant Life Insurance Company of North America's ("LINA") Motion to Dismiss Cross-Claim ("Motion to Dismiss") (ECF No. 27), defendant/cross-claim plaintiff PRA Health Sciences, Inc.'s ("PRA") Opposition to Motion to Dismiss (ECF No. 28), and LINA's Response to PRA's Opposition to Motion to Dismiss (ECF No. 30). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, LINA's Motion to Dismiss (ECF No. 27) is denied.

## I.   BACKGROUND

In this Employee Retirement Income Security Act of 1974 ("ERISA") case, plaintiff asserts a claim against PRA and LINA for benefits from a life insurance policy (LINA and PRA hereinafter referred to collectively as "defendants"). (ECF No. 19 at ¶¶ 36–39). Plaintiff filed this

lawsuit individually and as personal representative of the estate of his deceased wife, Susan Sloan. According to the Amended Complaint, Ms. Sloan was employed by PRA and participated in Group Life Insurance Policy No. FLX 963879 (the "Policy") which provided life insurance benefits under an employee benefit plan (the "Plan") established by PRA for its employees. (Id. at ¶ 14). LINA issued the Policy and PRA served as the Plan administrator. (Id. at ¶¶ 14, 20).

Under the Policy, Ms. Sloan elected life insurance coverage in the amount of $360,000 and named Plaintiff as the beneficiary. (Id. at ¶ 14). The Policy provided a conversion privilege wherein Ms. Sloan had the right to convert coverage under the Policy into an individual life insurance policy if coverage under the Policy was terminated. (Id. at ¶ 24). To obtain conversion insurance, the Policy required Ms. Sloan to submit an application within 31 days of termination of coverage under the Policy, which would be extended by 15 days, up to a maximum of 90 days, if Ms. Sloan was not notified of this right at least 15 days prior to the end of the conversion period. (Id.)

Ms. Sloan's life insurance coverage under the Policy continued through September 30, 2016. (Id. at ¶ 20). After this date, however, PRA stopped its payment of Policy premiums and coverage terminated on October 1, 2016. (Id.) Ms. Sloan died on December 1, 2016. (Id. at ¶ 16). In January 2017, Plaintiff submitted a claim for life insurance benefits under the Policy. (Id. at ¶ 17). LINA denied plaintiff's claim and plaintiff's subsequent appeal on the grounds that PRA had stopped payment of premiums, and because Ms. Sloan had not converted coverage into an individual policy, her participation in the Policy terminated prior to her death. (Id. at ¶¶ 5, 17). Plaintiff alleges that either or both defendants were required to provide Ms. Sloan with written notice of PRA's intention to stop payment of premiums and of Ms. Sloan's right to convert the Policy into an individual life insurance policy with LINA. (Id. at ¶ 4). Plaintiff further alleges

that neither of these notices were provided by defendants, which resulted in Plaintiff's loss of $360,000 in life insurance benefits. (Id. at ¶¶ 25, 31, 40).

PRA filed a cross-claim against LINA seeking indemnification and contribution from LINA under ERISA federal common law. (ECF No. 22). PRA asserts that it was the Plan Sponsor and Plan Administrator of the Plan in which Ms. Sloan participated. (Id. at ¶¶ 5, 9). PRA contends that in this role, it appointed LINA as the named fiduciary for adjudicating claims for benefits under the Plan and for deciding any appeals of denied claims. (Id. at ¶ 7). As such, should PRA be found liable for any of the remedies requested by plaintiff, PRA seeks indemnification from LINA, alleging that the acts of LINA resulted in the alleged damages to plaintiff. (Id. at ¶ 22). Further, PRA seeks contribution from LINA to the extent LINA is found liable to plaintiff. (Id. at ¶ 27). LINA has filed the instant Motion to Dismiss PRA's cross-claim. (ECF No. 27).

## II.    STANDARD OF REVIEW

The purpose of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When ruling on such a motion, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true" and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor." Id. at 244. Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Rather, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted). A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient

facts to establish those elements. <u>Walters</u>, 684 F.3d at 439. Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" <u>Id.</u> (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

## III.    <u>DISCUSSION</u>

LINA asserts two grounds for dismissal of PRA's cross-claim for indemnification and contribution under ERISA federal common law. (ECF No. 27 at 1). First, LINA argues there is no right of indemnification or contribution among ERISA fiduciaries. (<u>Id.</u>) Second, LINA argues that, even if there is a right to indemnification or contribution, LINA is not a co-fiduciary with respect to the notification duties at issue in the Amended Complaint or proposed Second Amended Complaint. (<u>Id.</u>)

### A.    <u>Right of Indemnification or Contribution Under ERISA</u>

PRA's cross-claim asserts claims for indemnification and contribution against LINA under federal common law. (ECF No. 22 at 10–11). LINA urges the Court to dismiss this claim, arguing that the "Fourth Circuit . . . has never recognized a federal common law right of indemnification or contribution among ERISA fiduciaries." (ECF No. 27-1 at 5). Although the Fourth Circuit has not yet decided this issue, there is a split among the Circuit Courts on this issue. The Second and Seventh Circuits have found a right of indemnification or contribution exists under federal common law, while the Eighth and Ninth Circuits have not. <u>Compare</u> <u>Chemung Canal Tr. Co. v. Sovran Bank/Maryland</u>, 939 F.2d 12, 18 (2d Cir. 1991) (holding that it is "appropriate" to "incorporat[e] traditional trust law's doctrine of contribution and indemnity into the law of ERISA"), <u>and</u> <u>Chesemore v. Fenkell</u>, 829 F.3d 803, 813 (7th Cir. 2016) (finding that "indemnification and contribution are available equitable remedies under [ERISA]"), <u>with</u>

Travelers Cas. & Sur. Co. of Am. v. IADA Servs., Inc., 497 F.3d 862, 867 (8th Cir. 2007) (concluding that "ERISA does not create a right of contribution for [ERISA fiduciary] against . . . another fiduciary"), and Kim v. Fujikawa, 871 F.2d 1427, 1432 (9th Cir. 1989) (rejecting the "contention that Congress implicitly intended to allow a cause of action for contribution under ERISA").

Most recently, Chief Judge Bredar of this Court has recognized a right of contribution and indemnification among ERISA fiduciaries, noting that the Court found "more persuasive the rationale of courts that allow a claim for contribution." Perez v. Silva, No. 15-CV-3484-JKB, 2017 WL 713759, at *3 (D. Md. Feb. 23, 2017). I am persuaded by the reasoning of the Perez court, as well as the analysis of the other courts which have recognized a federal common law right of indemnification or contribution among ERISA fiduciaries. Accordingly, I conclude that PRA's cross-claim does not fail on this basis and LINA's Motion to Dismiss must be denied as to this argument.

### B.    Fiduciary Duties as to Notification Obligations

LINA contends that, even if the Court recognizes a right to contribution or indemnity among ERISA fiduciaries, LINA is not a co-fiduciary with respect to the notification duties at issue here. (ECF No. 27-1 at 8). PRA maintains that LINA is a fiduciary with respect to both claims administration and notification duties. (ECF No. 28 at 7–8). ERISA provides that:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

(ECF No. 27-1 at 8 (quoting 29 U.S.C. § 1002(21)(A))).

As noted by LINA, "a party is a fiduciary only as to the activities which bring the person within the definition." (Id. at 9 (quoting Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 61 (4th Cir. 1992)). Therefore, the "court must ask whether a person is a fiduciary with respect to the particular activity at issue." Id. "The discretionary authority or responsibility which is pivotal to the statutory definition of 'fiduciary' is allocated by the plan documents themselves." Id. LINA argues that "the [P]lan documents did not allocate to LINA the authority, responsibility, or managerial capacity needed to qualify as an ERISA fiduciary with respect to either of the notification duties at issue." (ECF No. 27-1 at 10–11). Rather, LINA asserts that it was only delegated discretionary authority for adjudicating claims for benefits under the Plan, and for deciding any appeals of adverse claim determinations and that the Plan documents did not expand its role beyond that capacity. (Id. at 11–12).

In support of its argument, LINA relies on two Fourth Circuit cases, Coleman v. Nationwide Life Ins. Co., 969 F.2d 54 (4th Cir. 1992) and Gordon v. CIGNA Corp., 890 F.3d 463 (4th Cir. 2018). In Coleman, the court examined the "plan documents themselves" and concluded that nothing in those documents suggested that the insurer had the authority to provide the notification at issue. Coleman, 969 F.2d at 61. Similarly, in Gordon, the court did not find any language in the plan to support the conclusion that the insurer had responsibility for notifying plan participants of their failure to complete the evidence of insurability requirement. Gordon, 890 F.3d at 475–76.

The precise language of the Policy at issue in this case, however, was not discussed in Coleman or Gordon. The Policy here provides that written notice may be "presented to the Insured by the Employer or mailed to the Insured's last known address as reported by the Employer." (ECF No. 27-1 at 11; ECF No. 27-2 at 0019; ECF No. 27-3 at 0022). This language is identical to

language in another LINA policy which was discussed by the court in <u>Krase v. Life Ins. Co. of N.</u> <u>Am.</u>, No. 11 C 7659, 2012 WL 4483506, at *4 (N.D. Ill. Sept. 27, 2012). In evaluating this language, the <u>Krase</u> court noted:

> The Policy puts the onus on the employer to "present" notice to the insured, but it does not specify which party is responsible for "mailing" the notice if for some reason the employer did not present notice to the insured directly. . . . On the one hand, the "Extension of Conversion Privilege" section does not mention [the insurer] by name. On the other hand, it is awkward to read this provision to require [the employer] to mail written notice to the insured at his or her "last known address as reported by [itself]." If [the employer] is not to report to itself, to whom is the address to be reported? Certainly not the employee, who knows her address. That seems to leave only one party—[the insurer]. And arguably the purpose of reporting the address to [the insurer] would be to enable it to mail the notice.

(ECF No. 28 at 9–10 (quoting <u>Id.</u> at *4)).

Based on this analysis, the <u>Krase</u> court rejected the "argument that [the employer] was solely responsible under the Policy for notifying [plaintiff] of her conversion rights" and denied the insurance company's motion to dismiss. <u>Krase</u>, WL 4483506, at *4. As noted in <u>Krase</u>, "at least at this stage of the case," I cannot conclude that PRA was solely responsible for the notification at issue in this case, and whether "LINA's alleged omission entitles [plaintiff] to the relief he seeks is beyond the scope of LINA's Rule 12(b)(6) motion." <u>Id.</u> Accordingly, I conclude that PRA's cross-claim states sufficient facts "to state a claim to relief that is plausible on its face." <u>Ashcroft</u>, 556 U.S. at 678 (quoting <u>Bell Atl. Corp.</u>, 550 U.S. at 570).

IV.     **CONCLUSION**

        For the foregoing reasons, LINA's Motion to Dismiss (ECF No. 27) is DENIED.


September 30, 2019                                          /s/
                                          Beth P. Gesner
                                          Chief United States Magistrate Judge