# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOUGLAS SLOAN, Individually, and as Personal Representative of the Estate of Susan Sloan | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: BPG-18-3055 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | * | |
| Defendant/Cross-Claim Defendant | * | |
| and | * | |
| PRA HEALTH SCIENCES, INC., | * | |
| Defendant/Cross-Claim Plaintiff | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending before the court are plaintiff Douglas Sloan's Motion for Leave to File Second Amended Complaint ("Motion") (ECF No. 29), defendant PRA Health Sciences, Inc.'s ("PRA") Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Opposition") (ECF No. 31), and Plaintiff's Reply to PRA's Opposition to Motion for Leave to File Second Amended Complaint ("Reply") (ECF No. 32). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, plaintiff's Motion (ECF No. 29) is granted.

## I. BACKGROUND

In this Employee Retirement Income Security Act of 1974 ("ERISA") case, plaintiff asserts a claim against PRA and LINA for benefits arising from a life insurance policy (LINA and PRA

hereinafter referred to collectively as "defendants"). (ECF No. 19 at ¶¶ 36–39). Plaintiff filed this lawsuit individually and as personal representative of the estate of his deceased wife, Susan Sloan. According to the Amended Complaint, Ms. Sloan was employed by PRA and participated in Group Life Insurance Policy No. FLX 963879 (the "Policy") which provided life insurance benefits under an employee benefit plan (the "Plan") established by PRA for its employees. (Id. at ¶ 14). LINA issued the Policy and PRA served as the Plan administrator. (Id. at ¶¶ 14, 20).

Under the Policy, Ms. Sloan elected life insurance coverage in the amount of $360,000 and named Plaintiff as the beneficiary. (Id. at ¶ 14). The Policy provided a conversion privilege wherein Ms. Sloan had the right to convert coverage under the Policy into an individual life insurance policy if coverage under the Policy was terminated. (Id. at ¶ 24). To obtain conversion insurance, the Policy required Ms. Sloan to submit an application within 31 days of termination of coverage under the Policy, which would be extended by 15 days, up to a maximum of 90 days, if Ms. Sloan was not notified of this right at least 15 days prior to the end of the conversion period. (Id.)

Ms. Sloan's life insurance coverage under the Policy continued through September 30, 2016. (Id. at ¶ 20). After this date, however, PRA stopped its payment of Policy premiums and coverage terminated on October 1, 2016. (Id.) Ms. Sloan died on December 1, 2016. (Id. at ¶ 16). In January 2017, Plaintiff submitted a claim for life insurance benefits under the Policy. (Id. at ¶ 17). LINA denied plaintiff's claim and plaintiff's subsequent appeal on the grounds that PRA had stopped payment of premiums, and because Ms. Sloan had not converted coverage into an individual policy, her participation in the Policy terminated prior to her death. (Id. at ¶¶ 5, 17). Plaintiff alleges that either or both defendants were required to provide Ms. Sloan with written notice of PRA's intention to stop payment of premiums and of Ms. Sloan's right to convert the

Policy into an individual life insurance policy with LINA. (Id. at ¶ 4). Plaintiff further alleges that neither of these notices were provided by defendants, which resulted in Plaintiff's loss of $360,000 in life insurance benefits. (Id. at ¶¶ 25, 31, 40).[1]

In his original Complaint (ECF No. 1), plaintiff asserted three claims under ERISA and two claims under state law. (ECF No. 1 at 11–15). Plaintiff's first two claims under ERISA included a claim for benefits under ERISA § 502(a)(1)(B) and a claim for equitable relief under ERISA § 502(a)(3), each for "violations of the terms of the policy/plan" against PRA and the insurance company.[2] (Id. at 11). Plaintiff's third claim under ERISA was a claim against PRA and the insurance company for equitable relief under ERISA § 502(a)(2) for a breach of fiduciary duty. (Id. at 12–13). PRA sought to dismiss plaintiff's claims for equitable relief for failure to state a claim. (ECF No. 11 at 1). PRA argued that dismissal of plaintiff's request for equitable relief under ERISA was appropriate because, contrary to Supreme Court and Fourth Circuit precedent, plaintiff's claim for equitable relief "simply recast an individual claim for Plan benefits as a breach of fiduciary duty claim." (ECF No. 11-1 at 2 (citing Varity Corp. v. Howe, 516 U.S. 489, 512, 515 (1996); Mass. Mut Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985); Korotynska v. Metro. Life. Ins. Co., 474 F.3d 101, 107–08 (4th Cir. 2006))). In response, plaintiff filed an Amended Complaint (ECF No. 19) wherein he removed the state law claims and the claims for equitable relief under ERISA § 502(a)(3) and § 502(a)(2). (Id. at 11–12). The sole remaining claim in plaintiff's Amended Complaint is a claim against LINA and PRA for life insurance benefits under ERISA § 502(a)(1)(B). Plaintiff now seeks leave to file a Second Amended

---

[1] The recitation of the facts up to this point are restated from the Court's Memorandum Opinion (ECF No. 53), as these facts are relevant to the discussion herein.
[2] In the original Complaint, plaintiff named CIGNA Group Insurance as the insurance company. (ECF No. 1). In his Amended Complaint, Plaintiff replaced CIGNA Group Insurance with LINA as the insurance company. (ECF No. 19).

3

Complaint to reassert a claim for equitable relief under § 502(a)(3) against PRA and to remove the claim against PRA under § 502(a)(1)(B). (ECF No. 29 at 2). In sum, plaintiff's proposed Second Amended Complaint contains two claims: (1) a claim for benefits against LINA under § 502(a)(1)(B), and (2) a claim of breach of fiduciary duty against PRA under § 502(a)(3). (Id.)

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party is permitted to amend his pleadings with the written consent of the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Leave to amend a pleading should be denied, however, "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). A proposed amendment is futile if it "fails to satisfy the requirements of the federal rules" or, in other words, could not survive a motion to dismiss. Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (quoting U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)). Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true" and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing

4

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Rather, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted). A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements. Walters, 684 F.3d at 439. Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III. DISCUSSION

Plaintiff seeks to amend the Complaint for a second time to "bring a separate cause of action against . . . PRA, under § 502(a)(3), . . . seeking equitable relief for breach of fiduciary duties." (ECF No. 29 at 2). Plaintiff argues the "court should freely give leave [to amend] when justice so requires." (Id. at 3 (quoting Fed. R. Civ. P. 15(a)(2)). Plaintiff maintains there is no prejudice to defendants in allowing this amendment because plaintiff previously consented to defendants' extension of time to respond to the Complaint and there are no court dates set or discovery requests pending. (Id.)

PRA, however, opposes plaintiff's request to amend the Complaint, arguing that "[j]ustice does not require permitting leave to amend when [the] amendment would be futile." (ECF No. 31 at 2). PRA contends plaintiff's proposed amendment is futile and could not withstand a motion to dismiss under Rule 12(b)(6) because it "impermissibly recasts an individual claim for benefits as a fiduciary breach." (Id. at 6). Specifically, PRA argues that the breach of fiduciary claim is really a claim for benefits because plaintiff alleges the same facts under both causes of action and

5

demands payment of the policy proceeds as a remedy for both causes of action. (Id. at 8). PRA contends that plaintiffs in the Fourth Circuit "are not permitted to 'seek relief simultaneously under § 502(a)(1)(B) and § 502(a)(3) when the injury alleged creates a cause of action under § 502(a)(1)(B).'" (Id. at 9 (quoting Conn. Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC, Civ. No. DKC 14-2376, 2015 WL 4394408, at *2 (D. Md. July 15, 2015))).

Under ERISA Section 502(a)(1)(B), an ERISA plan participant or beneficiary may bring a claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B) (2018). Under ERISA Section 502(a)(3), a plan participant or beneficiary may bring a claim to "(A) enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan." Id. at § 1132(a)(3).

PRA relies on Varity Corp. v. Howe, 516 U.S. 489 (1996), and Korotynska v. Metro. Life. Ins. Co., 474 F.3d 101 (4th Cir. 2006), to argue plaintiff may not bring simultaneous claims under § 502(a)(1)(B) and § 502(a)(3). (ECF No. 31 at 6–8). In Varity, the Supreme Court stated that "§ 502(a)(3) [is] a 'catchall' provision that acts 'as a safety net, offering appropriate relief for injuries caused by violations that § 502 does not elsewhere adequately remedy.'" (Id. at 7 (quoting Varity, 516 U.S. at 512)). The Court explained that where Congress provided "adequate relief," equitable relief would not be "appropriate." (Id. (quoting Varity, 516 U.S. at 515)). In Korotynska, the Fourth Circuit found that "the equitable relief [plaintiff sought] under [§ 502(a)(3)] . . . [was] pursued with the ultimate aim of securing the remedies afforded by [§ 502(a)(1)(B)]." (Id. (quoting Korotynska, 474 F.3d at 107–08)). Therefore, the court held the breach of fiduciary duty claim was inappropriate because it was really a claim for benefits for which § 502(a)(1)(B)

6

afforded plaintiff adequate relief. Korotynska, 474 F.3d at 107. PRA additionally points to an opinion of this Court, Chavis v. Plumbers & Steamfitters Local 486 Pension Plan, Civ. No. ELH-17-2729, 2018 WL 4052182, at *12–14 (D. Md. Aug. 23, 2018), in which the Court relied on Varity and Korotynska to dismiss a breach of fiduciary duty claim brought simultaneously with a claim for benefits. (ECF No. 31 at 7–8). In Chavis, the Court found that a cause of action under § 502(a)(3) was "inappropriate and unnecessary" because "'plaintiff[s'] injury [found] adequate relief in another part of ERISA's statutory scheme [§§ 502(a)(1)(B) and 502(a)(2)]." (Id. at 8 (quoting Chavis, 2018 WL 4052182, at *14)).

Plaintiff argues that Varity, Korotynska, and Chavis are distinguishable from this case. (ECF No. 32 at 2–4). Plaintiff contends that the Varity Court simply found that § 502(a)(3) was the proper section for plaintiffs to bring a claim for equitable relief under circumstances unique to that case. (Id. at 2). Plaintiff maintains that the question the Varity Court analyzed was not whether simultaneous claims could be brought, as in this case, but rather, whether § 502(a)(3) was the proper section pursuant to which to bring a claim for equitable relief, since the plaintiffs were no longer members of the benefit plan and were seeking relief as individuals rather than as a group. (Id.) Plaintiff also argues Korotynska is distinguishable from the instant case because here the employer is the defendant and Korotynska did not establish "which cause of action would [be] appropriate if the employer [is] the defendant." (Id. at 3). Finally, plaintiff contends Chavis is distinguishable from the instant case because the Chavis Court "declined to allow [p]laintiffs to bring both causes of action against the same [d]efendants for essentially the same relief (recovery of benefits from the entity responsible for payment of benefits)." (Id. at 4). Plaintiff maintains both Korotynska and Chavis do not apply here because he does not seek to bring both causes of action against the same defendant. (Id.) Instead, plaintiff argues, he "seek[s] payment of his life

7

insurance benefits from . . . LINA via § 502(a)(1)(B) to recover benefits due him under the Plan, and brings an action via § 502(a)(3) against employer PRA for $360,000 in damages which represents the benefits he should have received but for PRA's breach of their fiduciary duties." (Id.)

In Korotynska, the Fourth Circuit held that a plaintiff cannot simultaneously bring a claim under Section 502(a)(3) if he can obtain complete relief under Section 502(a)(1)(B). Korotynska, 474 F.3d at 107–08. The Korotynska court dismissed plaintiff's claim for breach of fiduciary duty because it found that plaintiff had merely repackaged a § 502(a)(1)(B) denial of benefits claim into a claim for injunctive relief under § 502(a)(3). Id. Therefore, the court found that plaintiff's injury was "redressable elsewhere in ERISA's scheme." Id. This holding, however, does not mean that simultaneous claims for relief are always inappropriate, as PRA suggests. The Korotynska court "explicitly stated, 'our holding preserves the true purpose of § 1132(a)(3): to authorize individual equitable relief, not where plan administrators have made a mistake on an individual benefits determination, but where, as in Varity, ERISA's other provisions do not afford adequate relief.'" England v. Marriott Int'l, Inc., 764 F. Supp. 2d 761, 779–80 (D. Md. 2011) (quoting Korotynska, 474 F.3d at 108.). Based on this analysis, this Court has found that "[w]here plaintiffs are not merely repackaging a benefits claim[], it is entirely appropriate to bring simultaneous § 502(a)(3) and § 502(a)(1)(B) claims to address 'two separate and distinct injuries' that are based in whole or in part on different facts." Id. (quoting Gore v. El Paso Energy Corp. Long Term Disability Plan, 477 F.3d 833, 839–40 (6th Cir. 2007)).

Here, Korotynska is distinguishable because plaintiff alleges two distinct theories of recovery. See Varity, 516 U.S. at 515; see also Guardian Life Ins. Co. of Am. v. Reinaman, Civ. No. WDQ-10-1374, 2011 WL 2133703, at *9 (D. Md. May 26, 2011) (allowing simultaneous

claims under § 502(a)(1)(B) and § 502(a)(3) because plaintiff alleged two distinct theories of recovery). The first theory, brought under § 502(a)(1)(B), is that LINA wrongfully denied the benefits plaintiff was entitled to under the Plan. (ECF No. 29-1 at 11–12). The second theory, plaintiff's proposed claim under § 502(a)(3), is that PRA breached its fiduciary duty as the Plan administrator to provide Ms. Sloan with required information regarding her life insurance coverage. (Id. at 13–14). Specifically, plaintiff alleges that

> PRA did not inform Ms. Sloan that the company would stop paying her life insurance premiums; did not inform Ms. Sloan that she had a right to convert/port coverage within a certain period of time; stopped payment of premiums prematurely; materially misled Ms. Sloan concerning her life insurance coverage; did not provide her with the requisite forms for conversion; and otherwise breached their affirmative duties.

(Id. at 14). Consequently, plaintiff asserts that he did not receive the benefits to which he would have been entitled but for PRA's breach of its fiduciary duties. (Id.) As a result, plaintiff seeks from PRA the benefits that he would have been entitled to pursuant to the Policy. (Id.) Under this theory, it is clear plaintiff's breach of fiduciary duty claim is not a "repackaging" of plaintiff's denial of benefits claim.[3] See Korotynska, 474 F.3d at 107–08; see also England, 764 F. Supp. 2d at 779–80; Guardian Life Ins. Co. of Am., 2011 WL 2133703, at *9. Accordingly, the undersigned concludes that plaintiff's proposed amendments would not be futile[4] and plaintiff is granted leave to file his Second Amended Complaint.

---

[3] As noted by plaintiff, Erwood v. Life Insurance Co. of N. Am., Civ. No. 12-14-1284, 2017 WL 1383922 (W.D. Pa., April 13, 2017) illustrates the distinct nature of the two claims at issue here. (ECF No. 32 at 4–5). In Erwood, the court permitted a benefits claim against the insurer and a breach of fiduciary duty claim against the employer to proceed. At trial, the court determined the employer breached its fiduciary duty to plaintiff by failing to provide plaintiff with the required notice regarding her conversion rights. Id. at *13. Plaintiff settled the claim against the insurer before trial. Id. at *1.

[4] In light of this conclusion, the undersigned concludes that a Motion to Dismiss plaintiff's claim against PRA would not be successful. Therefore, if PRA were to seek to file such a motion, PRA must obtain leave of court to do so.

## IV. **CONCLUSION**

For the foregoing reasons, plaintiff's Motion (ECF No. 29) is GRANTED.

November 19, 2019
/s/
Beth P. Gesner
Chief United States Magistrate Judge